Case 1:21-cv-02149-LMM   Document 1-1   Filed 05/21/21   Page 1 of 10

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03028-S5**
**4/19/2021 11:29 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| ANDRE J. BALL, JR., <br><br> Plaintiff, <br><br> v. <br><br> DANCOR TRANSIT, INC., TIMOTHY DENTON, JOHN DOE, and UNITED STATES FIRE INSURANCE COMPANY <br><br> Defendants. | CIVIL ACTION FILE NO.: **21-C-03028-S5** <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff ANDRE J. BALL, JR. and files this, his Complaint for Damages against Defendants Dancor Transit, Inc. ("Dancor"), United States Fire Insurance Company ("Insurance Company"), Timothy Denton ("Denton"), John Doe ("Doe") (collectively referred to as "Defendants"), showing this Honorable Court as follows:

**PREAMBLE**

This matter is being filed during the pendency of the judicial emergency orders issued by the Chief Justice of the Supreme Court of Georgia which, at the time of this filing, has extended the statewide judicial emergency until Saturday, May 8, 2021. The judicial emergency orders have tolled all deadlines, including statute of limitations, for all civil matters for a period of time. Pursuant to the Fourth Judicial Emergency Order, the tolling ceased for most dates and deadlines in civil matters on July 14, 2020. As of that date, a party would have the same amount of time to file their documents that they would have had remaining at the time of the original order of March 14, 2020. In other words, the period of time between March 14, 2020, the date of the First Emergency Order, through July 14, 2020, does not count in the calculations for dates and deadlines

Copy from re:SearchGA

of this case, including the statute of limitations. This matter is timely filed under the judicial emergency tolling provisions.

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a resident of DeKalb County, Georgia and submits to the jurisdiction and venue of this Court.

2.

Defendant Dancor is a foreign for-profit corporation formed in Arkansas with its principal office located at 625 Kerr Street, Van Buren, Arkansas, 72956. Defendant Dancor's USDOT number is 230399. Defendant Dancor is subject to the jurisdiction and venue of this Court pursuant to the Georgia Long-Arm Statute. Service can be perfected upon Defendant Dancor by serving its registered agent at 200 Louisiana Street, Little Rock, Arkansas 72201.

3.

Defendant Denton is the putative hit-and-run driver and is subject to the jurisdiction and venue of this court.

4.

Defendant Doe is an unknown hit-and-run driver and is subject to the jurisdiction and venue of this Court.

5.

Defendant Insurance Company is a foreign insurance company doing business in the State of Georgia with its principal office located at 305 Madison Avenue, Morristown, New Jersey 07960. Defendant Insurance Company is subject to the jurisdiction and venue of this Court pursuant to the Georgia Long-Arm Statute. Service can be perfected upon Defendant Insurance

Copy from re:SearchGA

Company by serving its registered agent, CT Corporation System, at 289 South Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

## **COUNT I: NEGLIGENCE AGAINST DEFENDANT DENTON OR DOE**

6.

Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if specifically plead herein.

7.

On or about December 17, 2018, at approximately 11:04 a.m., Plaintiff was operating a 2006 Lexus GS 300 traveling south on I-75 near its exit to Bob White Trl in Clayton County, Georgia.

8.

On or about December 17, 2018, at approximately 11:04 a.m., Defendant Denton or Defendant Doe was operating a tractor trailer as an agent and employee of Defendant Dancor while traveling south on I-75 near its exit to Bob White Trl in Clayton County, Georgia.

9.

On or about December 17, 2018, at approximately 11:04 a.m., Defendant Dancor owned the tractor trailer that was being operated by Defendant Denton or Defendant Doe.

10.

On or about December 17, 2018, at approximately 11:04 a.m., Defendant Denton or Defendant Doe operated Defendant Dancor's vehicle in a negligent manner failing to observe for other vehicles causing a collision between the vehicles containing Defendant Denton or Defendant Doe and Plaintiff when Defendant Dancor's vehicle struck the front passenger side of the vehicle containing Plaintiff.

Copy from re:SearchGA

11.

At all relevant times, Plaintiff operated his vehicle in a safe and prudent manner.

12.

At all relevant times, Defendant Denton or Defendant Doe had a duty to operate Defendant Dancor's vehicle in a safe and reasonable manner by, among other things, driving prudently, paying attention to other vehicles on the highway and accounting for other vehicles prior to changing lanes. Said duties were all owed to Plaintiff.

13.

Defendant Denton or Defendant Doe breached his or her duty by, among other things, operating Defendant Dancor's vehicle in an unsafe and unreasonable manner, driving while distracted, failing to maintain his or her lane, failing to account for vehicles with the right of way prior to changing lanes, failing to keep a look out for Plaintiff's vehicle and causing his or her vehicle to collide with Plaintiff's vehicle.

14.

Defendant Denton or Defendant Doe operated Defendant Dancor's vehicle in a negligent manner by failing to exercise due care in violation of, among other statutes, O.C.G.A. §40-6-241, causing Defendant Denton or Defendant Doe to collide with Plaintiff's vehicle. Defendant Denton or Defendant Doe is thus liable for all of Plaintiff's injuries under the legal doctrine of negligence *per se*.

15.

Defendant Denton or Defendant Doe fled the scene of the wreck in violation of O.C.G.A. §40-6-270. Defendant Denton or Defendant Doe is thus liable for all of Plaintiff's injuries under the legal doctrine of negligence *per se*.

Copy from re:SearchGA

16.

Upon information and belief, Defendant Denton Doe acted negligently by committing other negligent acts or omissions, as shall be shown by the evidence and proven at trial.

## COUNT II: IMPUTED LIABILITY

17.

Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if specifically plead herein.

18.

At the time of the subject collision, Defendant Denton or Defendant Doe was under dispatch for, and/or driving within the course and scope of his or her employment with, Defendant Dancor.

19.

At the time of the subject collision, Defendant Denton or Defendant Doe was operating the tractor trailer on behalf of Defendant Dancor.

20.

At all relevant times, Defendant Denton or Defendant Doe was acting within the course and scope of his or her employment for Defendant Dancor.

21.

Pursuant to state law, and under the doctrines of lease liability, agency, and/or apparent agency, Defendant Dancor is responsible for Defendant Denton or Defendant Doe's negligence for the collision described herein as to Plaintiff.

Copy from re:SearchGA

### COUNT III: NEGLIGENT HIRING, TRAINING, SUPERVISION, AND ENTRUSTMENT BY DEFENDANT DANCOR

22.

Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if specifically plead herein.

23.

Defendant Dancor was negligent, in among other things, for:

a. Hiring Defendant Denton or Defendant Doe;

b. Failing to properly train Defendant Denton or Defendant Doe;

c. Failing to properly supervise Defendant Denton or Defendant Doe; and

d. Entrusting Defendant Denton or Defendant Doe to operate the vehicle at issue.

24.

As a direct and proximate cause of Defendant Dancor's negligence, Plaintiff sustained injuries and damages.

### COUNT IV: DIRECT ACTION AGAINST DEFENDANT INSURANCE COMPANY

25.

Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if specifically plead herein.

26.

Defendant Insurance Company is subject to a direct action as the insurer of Defendant Dancor pursuant to O.C.G.A. §40-2-140.

Copy from re:SearchGA

27.

At all relevant times to the subject collision, Defendant Insurance Company was the insurer of Defendants Dancor and/or Denton or Doe and issued a liability policy to comply with the filing requirements under Georgia law.

28.

Defendant Insurance Company is subject to the filing requirements outlined in O.C.G.A. §40-1-112 and is properly named a Defendant herein.

29.

Defendant Insurance Company is responsible for any judgment against Defendants Dancor, Denton, and Doe.

## **COUNT V: DAMAGES**

30.

Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if specifically plead herein.

31.

Plaintiff's injuries and damages resulting from the subject collision were directly and proximately caused by the negligence of Defendants.

32.

Plaintiff was injured and has experienced physical and emotional pain and suffering as a direct and proximate result of the subject collision.

33.

In the future, it is likely that Plaintiff will continue to have physical injuries and experience physical and emotional pain and suffering as a direct and proximate result of the subject collision.

Copy from re:SearchGA

34.

In the future, it is likely that Plaintiff will continue to need medical treatment as a direct and proximate result of the subject collision.

35.

Plaintiff experienced and will continue to experience pain and suffering as a direct and proximate result of the subject collision.

36.

As a result of Defendants' negligence, Plaintiff has incurred reasonable, necessary, and continuing medical expenses and will continue to incur expenses in the future. At this time, Plaintiff's reasonable medical expenses exceed $164,172.00.

37.

Plaintiff is entitled to recover for his injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and/or other damages permitted. Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present, and future pain and suffering;

c) Disability;

d) Disfigurement;

e) Mental anguish;

f) Loss of capacity for the enjoyment of life;

g) Economic losses;

Copy from re:SearchGA

h)   Incidental expenses;

i)   Past, present, and future medical expenses;

j)   Lost earnings;

k)   Loss of earning capacity;

l)   Permanent injuries; and

m)   Consequential damages to be proven at trial.

38.

Plaintiff shows that the conduct of Defendant Denton or Defendant Doe as alleged above exhibited willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which raises the presumption of a conscious indifference to the consequences as contemplated by O.C.G.A. § 51-12-5.1, thus entitling Plaintiff to an award of punitive damages to punish, penalize, or deter Defendant Denton or Defendant Doe.

**WHEREFORE**, Plaintiff prays:

(a)   That summons issue requiring Defendants to be and appear in this Court within the time provided by law to answer this Complaint;

(b)   That Plaintiff be awarded a judgment against the Defendants in an amount to be later determined by the enlightened conscious of a jury for Plaintiff's pain and suffering and other general damages as alleged in this Complaint or that are developed through discovery;

(c)   That Plaintiff be awarded a judgment against Defendants for any and all special damages he has or may incur, including without limitation, any past and future medical expenses and/or lost wages;

Copy from re:SearchGA

(d)     That Plaintiff has Judgment against Defendants for a just and equitable sum that will fairly and adequately compensate Plaintiff for the loss and damages Plaintiff has sustained and will continue to sustain, plus interest as provided by law and costs of Court;

(f)     For a trial by a jury of 12;

(g)     That Plaintiff be awarded a Judgment against Defendant Denton or Defendant Doe for punitive damages within the enlightened conscience of impartial jurors so as to punish, penalize, or deter said Defendant from further willful misconduct pursuant to O.C.G.A. § 51-12-5.1; and

(h)     For such other and further relief as this Court and the laws of Georgia deem just and proper.

Respectfully submitted this 19th day of April 2021.

                                        */s/ Danielle A. McCray*
                                        DANIELLE A. MCCRAY
                                        Georgia Bar Number: 234153
                                        STEVEN LOUBE
                                        Georgia Bar Number: 141768
                                        *Attorneys for Plaintiff*

Lowe Law Firm, P.C.
3644 Chamblee Tucker Road, Suite F
Atlanta, GA 30341
T: (770) 450-9606
E: danielle@lowelawatl.com

Copy from re:SearchGA